# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| SHAWN T. DAMON,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL BOUCHER, JOHN PARKER, AMANDA LOFINK, FAYE WILLIAMS, DANIEL MINNIS, and MATHEW McKITTRICK,<br><br>Defendants. | Cause No. CV 13-00012-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

**SYNOPSIS**

Plaintiff Shawn Damon alleges Defendants violated his rights under the Fourth, Fifth, Sixth, and Eighth Amendments regarding his criminal proceedings in Cascade County, Montana. Defendants are either entitled to immunity or not state actors against whom a federal claim can be brought under 42 U.S.C. § 1983. This matter should be dismissed.

**JURISDICTION**

Mr. Damon filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R.

Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana L. Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

Mr. Damon is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that

a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Leave to amend**

The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

## B. 42 U.S.C. § 1983

Judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

Prosecuting attorneys who act within the scope of their duties are also absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Ashelman, 793 F.2d at 1076, 1078).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). In Polk County v. Dodson, 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. See also Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

The Ninth Circuit has held that clerks of court have absolute immunity when

performing quasi-judicial functions in damages actions. <u>Moore v. Brewster</u>, 96 F.3d 1240, 1243–45 (9th Cir. 1996), superseded by statute on other grounds; <u>Mullis v. United States Bankruptcy Court for the District of Nevada</u>, 828 F.2d 1385, 1390 (9th Cir. 1996). Quasi-judicial functions include those activities coordinated with a judge and court proceedings. <u>Moore</u>, 96 F.3d at 1244–45; <u>Mullis</u>, 828 F.2d at 1390.

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. Damon's allegations arise out of a number of criminal charges filed against him in Cascade County. Mr. Damon's alleges that Judge Boucher is presiding over a number of his criminal cases and has allowed these cases to proceed without due process. C.D. 2-1, p. 2. Mr. Damon alleges John Parker[1] charged him with a number of criminal offenses without probable cause and changed his charges from what they were originally to something totally different. Mr. Damon alleges Mr. Parker bypassed municipal court to charge him in district

---

[1] Mr. Damon provides no employment information for the defendants. CD 2, p. 5. The undersigned takes judicial notice that John Parker is the Cascade County Attorney, and Amanda Lofink is a Deputy Cascade County Attorney. See http://departments.cascadecountymt.gov/countyattorney.

5

court with offenses which were allegedly committed in the city limits. C.D. 2-1, p. 2. Mr. Damon alleges Ms. Lofink filed charges against him without probable cause on August 21, 2010 and on August 1, 2011. Mr. Damon alleges Mr. Parker and Mrs. Lofink tried to have his court-appointed attorneys coerce and threaten him into taking a plea agreement. C.D. 2-1, p. 1.

Mr. Damon alleges Faye McWilliams is the Clerk of District Court. C.D. 2-1, p. 3. He alleges she has violated his rights by filing the paperwork in his cases. Id. Lastly, Mr. Damon alleges that Daniel Minnis and Mathew McKittrick are public defenders who failed to investigate the allegations against him and have violated his right to be represented effectively. C.D. 2-1, p. 4.

## ANALYSIS

Judge Boucher is entitled to absolute judicial immunity for presiding over Mr. Damon's criminal cases because his actions were part of his official duties. Mr. Parker and Ms. Lofink are entitled to prosecutorial immunity because their alleged acts are intimately associated with the prosecution of Mr. Damon. Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997). Ms. McWilliams is also entitled to immunity because filing documents in the court's docket is "quasi-judicial." Moore, 96 F.3d at 1244-45. Lastly, Mr. Damon cannot state a federal cause of action against Mr. Minnis or Mr. McKittrick because they are not state actors.

Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982).

## CONCLUSION

Mr. Damon has failed to state a federal claim for relief against Defendants Minnis and McKittrick. The remaining defendants are immune from monetary relief. These are not defects which could be cured by further amendments and the case should be dismissed.

### "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Mr. Damon's claims are not only frivolous as set forth above, they are also malicious. It is malicious for a litigant to file a lawsuit that duplicates allegations of another federal lawsuit. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). This is Mr. Damon's third lawsuit in the past year in which he seeks to challenge his criminal proceedings. Mr. Damon was advised in his prior cases that judges are

7

entitled to judicial immunity, prosecutors are entitled to prosecutorial immunity, and criminal defense attorneys are not state actors who can be sued under 42 U.S.C. § 1983. See Civil Action No. 4:12cv14-GF-SEH, C.D. 6, p. 7 and Civil Action No. 12cv30-GF-SEH-RKS, C.D. 10, p. 7. The repeated filing of issues which have been repeatedly decided is malicious. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

>   (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Damon has failed to name a proper defendant is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Damon SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Damon's claims

are frivolous and malicious.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Damon may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Damon files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Damon from relying on that fact or

argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 11th day of February, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge