
FILED
JUN 12 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN T. DAMON, | CV 13–12–H-DLC-RKS |
| Plaintiff, | |
| vs. | ORDER |
| DANIEL BOUCHER, JOHN PARKER, AMANDA LOFINK, FAYE WILLIAMS, DANIEL MINNIS, and MATHEW McKITTRICK, | |
| Defendants. | |

United States Magistrate Judge Keith Strong issued findings and recommendations to dismiss Plaintiff Shawn Damon's complaint on February 11, 2013. (Doc. 6.) Plaintiff timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The parties are familiar with the procedural history of this case, so it will only be repeated here as needed.

Plaintiff Damon's original complaint alleges the Defendants violated his due process rights under the Fourth, Fifth, Sixth and Eighth Amendments regarding his criminal proceedings in Cascade County, Montana. Judge Strong finds these

1

Defendants are entitled to immunity or are not state actors against whom a federal claim can be brought, pursuant to 42 U.S.C. § 1983. In his objection to Judge Strong's Findings and Recommendations to Dismiss Complaint, Plaintiff repeats his initial arguments that Defendants are not subject to immunity and violated his due process rights. However, Plaintiff fails to adequately explain, based on law or fact, how the Defendants abdicated their job duties or why the Defendants are not immune under 42 U.S.C. § 1983. Plaintiff correctly notes that a government official is not "totally exempt" by virtue of absolute immunity when he or she "misuses" his or her power. *Scheur v. Rhodes*, 416 U.S. 232, 243 (1974). However, Plaintiff fails to describe how the Defendants "misused" their power by merely acting within their job duties. As Judge Strong noted, judges who have subject matter jurisdiction are "absolutely immune from liability for damages in civil rights suits." (Doc. 6); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). As are prosecutors absolutely immune when acting in the scope of their duties, when that conduct is "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Ashelman*, 793 F.2d at 1076, 1078). Clerks also have such immunity when performing "quasi-judicial" functions. *Moore v. Brewster*, 96 F.3d 1240, 1243-45 (9th Cir. 1996), superceded by statute on other grounds; *Mullis v. U.S. Bankruptcy*

*Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1996).

Plaintiff alleges that Mr. Minnis and Mr. McKittrick failed to investigate the allegations against him and have violated his Sixth Amendment right to effective assistance of counsel. However, Plaintiff Damon cannot bring charges against these public defenders because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

To the extent Plaintiff makes vague allegations regarding discrimination based on his race, these allegations were not contained within his complaint and will not be discussed here.

Judge Strong's findings and recommendations will be adopted in full. There being no clear error in Judge Strong's remaining findings and recommendations, IT IS HEREBY ORDERED:

1. Judge Strong's findings and recommendations (doc. 6) are ADOPTED in full.

2. Plaintiff's Complaint (doc. 2) is DISMISSED WITH PREJUDICE.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P.

24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The docket shall also reflect this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

Dated this 12th day of June, 2013.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court